ALEXANDER E. POTENTE, State Bar No. 208240
*alex.potente@clydeco.us*
WENTING ZENG, State Bar No. 338271
*wentingjenny.zeng@clydeco.us*
CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

DANIELLE N. MCKENZIE (*pro hac vice* forthcoming)
*danielle.mckenzie@clydeco.us*
CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Telephone: (206) 689-8500
Facsimile: (206) 689-8501

Attorneys for Plaintiff
GREAT AMERICAN RISK
SOLUTIONS SURPLUS LINES
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>*vs.*<br><br>PERFUME VENTURES, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Great American Risk Solutions Surplus Lines Insurance Company ("Great American"), for its Complaint for Declaratory Judgment, by and through its counsel Clyde & Co US LLP, alleges as follows:

**THE PARTIES**

1. Great American Risk Solutions Surplus Lines Insurance Company is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio.

2. Defendant Perfume Ventures, Inc. ("Perfume Ventures") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Van Nuys, California.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Great American is a citizen of a different state than Perfume Ventures, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because Perfume Ventures resides in Los Angeles County, California and the insurance policies that are the subject of this action were issued to Perfume Ventures in Los Angeles County, California.

5. Great American brings this complaint under 28 U.S.C. § 2201 for declaratory relief regarding the parties' rights and obligations under the policies of insurance described herein.

6. An actual and justiciable controversy exists between Great American and Perfume Ventures over the existence of coverage under the insurance policies described herein for claims asserted against Perfume Ventures in the Underlying Lawsuit.

///

///

## GENERAL ALLEGATIONS

**A. The Underlying Lawsuit**

7. On June 8, 2026, Alvaro Iniguez filed a proposed class action lawsuit entitled *Alvaro Iniguez, on his own behalf and on behalf of all others similarly situated v. Perfume Ventures, Inc*., in the Superior Court of Washington, Benton County, Case No. 26-2-01420-03 (the "Underlying Lawsuit").

8. The plaintiff in the Underlying Lawsuit alleges that Perfume Ventures sent emails with false and misleading subject lines. The plaintiff in the Underlying Lawsuit specifically alleges that Perfume Ventures routinely "titles its emails with urgent subject headings that do not reflect the true availability of the advertised deal." The plaintiff alleges Perfume Ventures presents promotional pricing as a scarce or time-limited opportunity, and once the originally advertised deadline has passed, Perfume Ventures extends the promotion to a new end date.

9. Specifically, the plaintiff in the Underlying Lawsuit lists at least twenty-six emails with misleading subject lines he received from Perfume Ventures from January 2023 through December 2025. *See* Exhibit 1.

10. The plaintiff in the Underlying Lawsuit alleges that the subject lines of these emails were false and misleading because the promotional pricing is not, in fact, available only for a limited time.

11. The plaintiff in the Underlying Lawsuit alleges Perfume Ventures violated Washington's Commercial Electronic Mail Act, RCW 19.190.020 and Washington's Consumer Protection Act, RCW 19.86.020.

12. On June 15, 2026, Perfume Ventures tendered the defense and indemnity of the Underlying Lawsuit to Great American.

13. Great American agreed to defend Perfume Ventures in the Underlying Lawsuit subject to a reservation of rights.

///

**B. <u>The Great American Primary Policies</u>**

14. Great American Risk Solutions Surplus Lines Insurance Company issued commercial general liability policy numbers PLF201885 (effective June 9, 2024 to June 9, 2025), PLF201885-01 (effective June 9, 2025 to June 9, 2026), and PLF201885-02 (effective June 9, 2026 to June 9, 2027) (collectively, the "Great American Primary Policies") to first named insured Perfume Ventures, Inc. True and correct copies of the Great American Primary Policies are attached hereto as Exhibits 2-4 and are incorporated by reference.

15. The Great American Primary Policies each provide primary general liability coverage (Form CG 00 01 (Ed. 04/13)) subject to a $1,000,000 "personal and advertising injury" limit and a $2,000,000 general aggregate limit.

16. Subject to all their terms, definitions, limitations, exclusions, and conditions, the Great American Primary Policies provide, in relevant part, primary general liability coverage for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," or "personal and advertising injury." In relevant part, the policies' Insuring Agreements provide:

> **Coverage A – Bodily Injury and Property Damage Liability**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
> * * *
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** the "bodily injury" or "property damage" is caused by an

"occurrence" that takes place in the "coverage territory";

**(2)** the "bodily injury" or "property damage" occurs during the policy period[.]

* * *

**Coverage B – Personal and Advertising Injury Liability**

**1. Insuring Agreement**

**a.** We will pay those sums that the Insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

* * *

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * *

17. The Great American Primary Policies, as amended by the Specialty Plus Endorsement forms RSG 7268 (Ed. 01/23), define "bodily injury" to mean bodily injury, sickness, or disease sustained by a person, including death of a person. "Bodily injury" also means mental anguish, mental injury, or shock, if directly resulting from physical injury, sickness, or disease to that person.

18. The Great American Primary Policies define "property damage," in part, to mean physical injury to tangible property or loss of use of tangible property that is not physically injured.

19. The Great American Primary Policies define "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

20. The Great American Primary Policies, as amended by the Specialty Plus Endorsement forms RSG 7268 (Ed. 01/23), define "personal and advertising injury" as follows:

> **14. "Personal and advertising injury"** means injury, including consequential "bodily injury," arising out of one or more of the following offenses:
>
> **a.** false arrest, detention or imprisonment;
>
> **b.** malicious prosecution;
>
> **c.** the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> **d.** oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> **e.** oral or written publication, in any manner, of material that violates a person's right of privacy;
>
> **f.** the use of another's advertising idea in your "advertisement"; or
>
> **g.** infringing upon another's copyright, trade dress or slogan in your "advertisement";
>
> **h.** discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:
>
> **(1)** not done intentionally by or at the direction of:
>
> **(a)** an insured; or
>
> **(b)** any "executive officer", director, stockholder, partner, or member of the Insured; and
>
> **(2)** not directly or indirectly related to the employment, prospective employment, or termination of employment of any person or persons by an insured.

21. The Great American Primary Policies define a "suit" as a civil proceeding in which damages because of "bodily injury," "property damage" or

"personal and advertising injury" to which this insurance applies are alleged.

22. The Great American Primary Policies include the following exclusion, in relevant part:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> * * *
>
> **p. Recording and Distribution of Material or Information in Violation of Law**
>
> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> * * *
>
> **(4)** any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

23. The Great American Primary Policies include an endorsement entitled Exclusion of Claim or Suit Alleging Infringement of Intellectual Property or Unfair Competition, Form CG 90 29 (Ed. 05/16), which states in relevant part:

> **B.** The following exclusion is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I - COVERAGES, Coverage B - Personal and Advertising Injury Liability, 2. Exclusions:**
>
> [This insurance does not apply to:]
>
> * * *
>
> **Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws**
>
> **1.** Any claim or "suit" that alleges "personal and advertising injury" arising out of any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning

> unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.
>
> **2.** Any "personal and advertising injury" alleged in a claim or "suit" that also alleges any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.
>
> This exclusion applies to our duty to defend and our duty to pay damages whether such misappropriation, infringement, or violation is committed in your "advertisement" or otherwise.

## C. <u>The Great American Excess Policies</u>

24. Great American Risk Solutions Surplus Lines Insurance Company issued excess liability policy numbers XSF351143 (effective June 9, 2025 to June 9, 2026) and XSF351143-01 (effective June 9, 2026 to June 9, 2027) (collectively, the "Great American Excess Policies") to first named insured Perfume Ventures, Inc. True and correct copies of the Great American Excess Policies are attached hereto as Exhibit 5 through 6 and incorporated herein by reference.

25. Subject to all their terms, definitions, limitations, exclusions, and conditions, the Great American Excess Policies each provide insurance excess over Great American primary policy numbers PLF201885-01 and PLF201885-02 respectively, subject to a limit of $1,000,000 each occurrence and a $1,000,000 general aggregate limit.

26. The Insuring Agreement (Form EXU 0001 (Ed. 05/16)) in the Great American Excess Policies provides, in relevant part:

> **SECTION I – INSURING AGREEMENT**
>
> Except for the terms, conditions, definitions and exclusions of this Policy, the coverage provided by this Policy will follow the "controlling underlying insurance."
>
> We will pay on behalf of the insured "loss" in excess of the "underlying limits of insurance" shown in the Schedule of Underlying Insurance. If

we are prevented by law or statute from paying on behalf of an insured, then where permitted by law or statute, we will indemnify the insured for those sums in excess of the "underlying limits of insurance."

If any "underlying insurance" contains a limitation, condition, exclusion or restriction of coverage not contained in the "controlling underlying insurance" then this Policy will follow form to such limitation, condition, exclusion or restriction of coverage. In no event will this Policy provide broader coverage in any respect than is provided in any "underlying insurance."

* * *

27. The Great American Excess Policies define the below terms as follows:

**SECTION V – DEFINITIONS**

**A. Controlling Underlying Insurance**

"Controlling underlying insurance" means the policy or policies of insurance stated as such in the Schedule of Underlying Insurance.

**B. Loss**

"Loss" means those sums actually paid in the settlement or satisfaction of a claim or suit which an insured is legally obligated to pay as damages, after making proper deductions for all recoveries and salvage. "Loss" also includes defense costs and expenses but only when such costs and expenses reduce the "underlying limits of insurance."

**C. Underlying Insurance**

"Underlying insurance" means the "controlling underlying insurance" and all policies of insurance listed in the Schedule of Underlying Insurance.

**D. Underlying Limits of Insurance**

"Underlying limits of insurance" means the total sum of the limits of all applicable "underlying insurance" stated in the Schedule of Underlying Insurance, including self-insurance, deductibles, retentions or means other than insurance.

28. Pursuant to the Schedule of Underlying Insurance in Great American

Excess Policy number XSF351143, "underlying insurance" and "controlling underlying insurance" refers to Great American primary policy number PLF201885-01.

29. Pursuant to the Schedule of Underlying Insurance in Great American Excess Policy number XSF351143-01, "underlying insurance" and "controlling underlying insurance" refers to Great American primary policy number PLF201885-02.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief – No Duty to Defend or Indemnify Perfume Ventures – No Occurrence, No Bodily Injury, No Property Damage)**

30. Great American realleges and incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

31. The Great American Primary Policies provide coverage, in part, for "bodily injury" and "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence," as those terms are defined in paragraphs 17-19 of this Complaint.

32. The plaintiff in the Underlying Lawsuit alleges that Perfume Ventures sent him emails with false and misleading subject lines for the purpose of increasing sales. Perfume Ventures' deliberate transmission of emails with allegedly false and misleading subject lines is not an "accident," and therefore is not an "occurrence" under the Great American Primary Policies.

33. The plaintiff in the Underlying Lawsuit does not allege that Perfume Ventures' emails caused "bodily injury," as defined by the Great American Primary Policies.

34. The plaintiff in the Underlying Lawsuit does not allege that Perfume Ventures' emails caused "property damage," as defined by the Great American Primary Policies.

35. Great American seeks a declaration from this Court that it has no duty to defend Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies because the plaintiff in the Underlying Lawsuit does not seek damages because of “bodily injury” or “property damage” caused by an “occurrence.”

36. Great American seeks a declaration from this Court that it has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies because the plaintiff in the Underlying Lawsuit does not seek damages because of “bodily injury” or “property damage” caused by an “occurrence.”

37. Great American seeks a declaration from this Court that because it has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies, Great American also has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Excess Policies.

38. A judicial determination is necessary and appropriate in order for the parties to ascertain their rights and duties as aforementioned. This controversy is incapable of resolution without adjudication. Accordingly, Great American has no plain, speedy, and adequate remedy at law, and requests a declaratory judgment that it has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Policies because the plaintiff in the Underlying Lawsuit does not seek damages because of “bodily injury” or “property damage” caused by an “occurrence.”

///

///

///

///

**SECOND CAUSE OF ACTION**

**(Declaratory Relief – No Duty to Defend or Indemnify Perfume Ventures – No Personal or Advertising Injury)**

39. Great American realleges and incorporates by reference the allegations in paragraphs 1 through 38 as if fully set forth herein.

40. The Great American Primary Policies define “personal and advertising injury” as one of eight offenses, set forth in paragraph 20 of this Complaint.

41. The plaintiff in the Underlying Lawsuit does not allege that Perfume Ventures engaged in any conduct qualifying as one of the enumerated “personal and advertising injury” offenses, as defined by the Great American Primary Policies.

42. Great American seeks a declaration from this Court that it has no duty to defend Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies because the plaintiff in the Underlying Lawsuit does not seek damages because of “personal and advertising injury.”

43. Great American seeks a declaration from this Court that it has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies because the plaintiff in the Underlying Lawsuit does not seek damages because of “personal and advertising injury.”

44. Great American seeks a declaration from this Court that because it has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies, Great American also has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Excess Policies.

45. A judicial determination is necessary and appropriate in order for the parties to ascertain their rights and duties as aforementioned. This controversy is incapable of resolution without adjudication. Accordingly, Great American has no plain, speedy, and adequate remedy at law, and requests a declaratory judgment that

it has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Policies because the plaintiff in the Underlying Lawsuit does not seek damages because of "personal and advertising injury."

## THIRD CAUSE OF ACTION

**(Declaratory Relief – No Duty to Defend or Indemnify Perfume Ventures – Recording and Distribution of Material in Violation of Law Exclusion)**

46. Great American realleges and incorporates by reference the allegations in paragraphs 1 through 45 as if fully set forth herein.

47. Even if this Court finds that the plaintiff in the Underlying Lawsuit seeks damages because of conduct by Perfume Ventures that qualifies as "personal and advertising injury" under the Great American Primary Policies, Great American has no duty to defend Perfume Ventures in the Underlying Lawsuit because coverage is excluded by the Recording and Distribution of Material or Information in Violation of Law Exclusion.

48. The Great American Primary Policies' Recording and Distribution of Material or Information in Violation of Law Exclusion excludes coverage for personal and advertising injury arising directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation that addresses, prohibits, or limits the dissemination, sending, transmitting, communicating or distribution of information.

49. The plaintiff in the Underlying Lawsuit alleges that Perfume Ventures violated Washington's Commercial Electronic Mail Act, RCW 19.190.020, which is a statute that limits the sending, transmitting, communicating, or distribution of commercial electronic mail.

50. Great American seeks a declaration from this Court that it has no duty to defend Perfume Ventures in the Underlying Lawsuit under the Great American

Primary Policies because the plaintiff alleges that Perfume Ventures violated a state statute that limits the sending, transmitting, communicating, or distribution of commercial electronic mail, and therefore the exclusion for Recording and Distribution of Material or Information in Violation of Law excludes coverage.

51. Great American seeks a declaration from this Court that it has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies because the plaintiff alleges that Perfume Ventures violated state statutes that limit the sending, transmitting, communicating, or distribution of commercial electronic mail, and therefore the exclusion for Recording and Distribution of Material or Information in Violation of Law excludes coverage.

52. Great American seeks a declaration from this Court that because it has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies, Great American also has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Excess Policies.

53. A judicial determination is necessary and appropriate in order for the parties to ascertain their rights and duties as aforementioned. This controversy is incapable of resolution without adjudication. Accordingly, Great American has no plain, speedy, and adequate remedy at law, and requests a declaratory judgment that it has no duty to defend Perfume Ventures in the Underlying Lawsuit under the Great American Policies because coverage is excluded by the Recording and Distribution of Material or Information in Violation of Law Exclusion.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief – No Duty to Defend or Indemnify Perfume Ventures –Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws Exclusion)**

54. Great American realleges and incorporates by reference the allegations

in paragraphs 1 through 53 as if fully set forth herein.

55. Even if this Court finds that the plaintiff in the Underlying Lawsuit seeks damages because of conduct by Perfume Ventures that qualifies as "personal and advertising injury" under the Great American Primary Policies, Great American has no duty to defend Perfume Ventures in the Underlying Lawsuit because coverage is excluded by the Exclusion of Claim or Suit Alleging Infringement of Intellectual Property or Unfair Competition endorsement.

56. Subsection B.(1) of the Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws Exclusion excludes coverage for any claim or suit that alleges "personal and advertising injury" arising out of any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, unfair trade practices, or any similar laws or regulations.

57. The Underlying Lawsuit alleges that Perfume Ventures violated Washington's Consumer Protection Act, RCW 19.86.020, which prohibits "unfair methods of competition and unfair or deceptive acts or practices."

58. Great American seeks a declaration from this Court that it has no duty to defend Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies because the plaintiff alleges that Perfume Ventures violated a state statute concerning unfair competition or unfair trade practices, and therefore Subsection B.(1) of the Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws Exclusion excludes coverage.

59. Great American seeks a declaration from this Court that it has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies because the plaintiff alleges that Perfume Ventures violated a state statute concerning unfair competition or unfair trade practices, and therefore Subsection B.(1) of the Claim or Suit Alleging Violation of Laws Concerning Unfair

Competition or Similar Laws Exclusion excludes coverage.

60. Subsection B.(2) of the Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws Exclusion excludes coverage for any personal and advertising injury alleged in a claim or suit that also alleges any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, unfair trade practices, or any similar laws or regulations.

61. Great American seeks a declaration from this Court that it has no duty to defend Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies, even if this Court finds that the plaintiff alleges "personal and advertising injury," because the plaintiff also alleges violations of statutes concerning unfair competition or unfair trade practices, or similar laws, and therefore Subsection B.(2) of the Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws Exclusion excludes coverage.

62. Great American seeks a declaration from this Court that it has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies, even if this Court finds that the plaintiff alleges "personal and advertising injury," because the plaintiff also alleges violations of statutes concerning unfair competition or unfair trade practices, or similar laws, and therefore Subsection B.(2) of the Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws Exclusion excludes coverage.

63. Great American seeks a declaration from this Court that because it has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies, Great American also has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Excess Policies.

64. A judicial determination is necessary and appropriate in order for the

parties to ascertain their rights and duties as aforementioned. This controversy is incapable of resolution without adjudication. Accordingly, Great American has no plain, speedy, and adequate remedy at law, and requests a declaratory judgment that it has no duty to defend or indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Policies because coverage is excluded by the Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws Exclusion.

**FIFTH CAUSE OF ACTION**

**(Alternative Cause of Action for Declaratory Relief – No Duty to Indemnify Perfume Ventures for Liability Arising from Emails Sent Before the Great American Policy Periods)**

65. Great American realleges and incorporates by reference the allegations in paragraphs 1 through 64 as if fully set forth herein.

66. The Great American Primary Policies provide coverage for “bodily injury” or “property damage” only if the “bodily injury” or “property damage” occurs during the policy period, and provide coverage for “personal and advertising injury” only if the offense was committed during the policy period.

67. The Great American Primary Policies first incepted on June 9, 2024.

68. The plaintiff in the Underlying Lawsuit alleges that Perfume Ventures sent at least twenty-six emails with misleading subject lines between January 2023 and December 2025.

69. To the extent Perfume Ventures incurs liability in the Underlying Lawsuit from emails sent before June 9, 2024, such liability is attributable to conduct committed before the inception of the Great American Primary Policies.

70. Great American does not believe it is obligated to defend or indemnify Perfume Ventures under the Primary Policies or Excess Policies for the reasons set forth in Great American’s first, second, third, and fourth causes of action. In the

alternative, if this Court rules that Great American is obligated to defend or indemnify Perfume Ventures, Great American seeks a declaration from this Court that it has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies for liability arising out of emails sent before the first Great American policy incepted June 9, 2024.

71. Great American seeks a declaration from this Court that because it has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Primary Policies for liability arising out of emails sent before June 9, 2024, Great American also has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under the Great American Excess Policy.

72. A judicial determination is necessary and appropriate in order for the parties to ascertain their rights and duties as aforementioned. This controversy is incapable of resolution without adjudication. Accordingly, Great American has no plain, speedy, and adequate remedy at law, and requests a declaratory judgment that it has no duty to defend Perfume Ventures in the Underlying Lawsuit under the Great American Policies for liability arising out of emails sent before June 9, 2024.

**SIXTH CAUSE OF ACTION**

**(Declaratory Relief – No Duty to Defend or Indemnify Under Policy Numbers PLF201885-02 and XSF351143-01)**

73. Great American realleges and incorporates by reference the allegations in paragraphs 1 through 72 as if fully set forth herein.

74. The Great American Primary Policies provide coverage for "bodily injury" or "property damage" only if the "bodily injury" or "property damage" occurs during the policy period, and provide coverage for "personal and advertising injury" only if the offense was committed during the policy period.

75. Great American Primary Policy number PLF201885-02 incepted on June 9, 2026.

76. The Underlying Lawsuit was filed on June 8, 2026. Therefore, none of the allegedly deceptive emails for which Iniguez seeks damages could have been sent after June 9, 2026, when the Great American Primary Policy number PLF201885-02 incepted.

77. Great American seeks a declaration that it has no duty to defend Perfume Ventures under Great American Primary Policy number PLF201885-02 because the Underlying Lawsuit seeks damages for injuries allegedly suffered before the policy incepted on June 9, 2026.

78. Great American seeks a declaration that it has no duty to indemnify Perfume Ventures under Great American Primary Policy number PLF201885-02 because the damages, if any, Perfume Ventures owes in the Underlying Lawsuit are for injuries suffered before the policy incepted on June 9, 2026.

79. Great American seeks a declaration from this Court that because it has no duty to defend and no duty to indemnify Perfume Ventures in the Underlying Lawsuit under Great American Primary Policy number PLF201885-02, Great American also has no duty to indemnify Perfume Ventures in the Underlying Lawsuit under Great American Excess Policy number XSF351143-01.

80. A judicial determination is necessary and appropriate in order for the parties to ascertain their rights and duties as aforementioned. This controversy is incapable of resolution without adjudication. Accordingly, Great American has no plain, speedy, and adequate remedy at law, and requests a declaratory judgment that it has no duty to defend Perfume Ventures in the Underlying Lawsuit under Great American Primary Policy number PLF201885-02 or Great American Excess Policy number XSF351143-01 because the Underlying Lawsuit was filed June 8, 2026, and therefore the conduct and injuries at issue in the Underlying Lawsuit necessarily occurred before June 9, 2026.

///

## SEVENTH CAUSE OF ACTION

**(Reimbursement from Perfume Ventures of Defense Costs Paid in the Underlying Lawsuit)**

81. Great American realleges and incorporates by reference the allegations in paragraphs 1 through 80 as if fully set forth herein.

82. At Perfume Ventures' request, Great American paid to defend Perfume Ventures in the Underlying Lawsuit subject to a reservation of rights, including Great American's right to seek reimbursement of defense costs. Great American did not owe and has never owed Perfume Ventures a duty to defend Perfume Ventures in the Underlying Lawsuit.

83. Pursuant to *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), Great American is entitled to an award of damages for the amount of defense costs it has incurred defending Perfume Ventures in the Underlying Lawsuit through the date of judgment entered by this Court.

## EIGHTH CAUSE OF ACTION

**(Unjust Enrichment – Against Perfume Ventures)**

84. Great American realleges and incorporates by reference the allegations in paragraphs 1 through 83 as if fully set forth herein.

85. At Perfume Ventures' request, Great American paid to defend Perfume Ventures in the Underlying Lawsuit subject to a reservation of rights, including Great American's right to seek reimbursement of defense costs. Great American did not owe and has never owed Perfume Ventures a duty to defend Perfume Ventures in the Underlying Lawsuit.

86. Perfume Ventures has been unjustly enriched by the amounts Great American paid to defend Perfume Ventures in the Underlying Lawsuit.

87. There is no other adequate remedy at law for Perfume Ventures' unjust enrichment at Great American's expense.

**PRAYER FOR RELIEF**

WHEREFORE, Great American respectfully requests that this Court:

1. Enter judgment declaring that Great American has no duty to defend Perfume Ventures in the Underlying Lawsuit;

2. Enter judgment declaring that Great American has no duty to indemnify Perfume Ventures in the Underlying Lawsuit;

3. Enter judgment awarding Great American equitable restitution, reimbursement, and damages from Perfume Ventures for amounts that Great American paid to defend Perfume Ventures in the Underlying Lawsuit;

4. In the alternative, enter judgment declaring that Great American has no duty to indemnify Perfume Ventures in the Underlying Lawsuit for liability, if any, for emails Perfume Ventures sent before June 9, 2024.

5. Award Great American its costs incurred herein;

6. Award Great American prejudgment interest; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: September 22, 2026

CLYDE & CO US LLP

By: /s/ *Alexander Potente*
Alexander E. Potente
Wenting Zeng
Danielle McKenzie (*pro hac vice* forthcoming)

Attorneys for Plaintiff
GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY